1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT MCDANIELS,                          No.  2:16-cv-0184 KJN P

12              Petitioner,

13        v.                                     ORDER

14   JENNIFER BARRETTO,

15              Respondent.

16

17        Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2012 conviction in the Sacramento

19   County Superior Court.  Petitioner consented to proceed before the undersigned for all purposes.

20   See 28 U.S.C. § 636(c).  Petitioner has now filed an application to proceed in forma pauperis.

21        Examination of the in forma pauperis application reveals that petitioner is unable to afford

22   the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

23   28 U.S.C. § 1915(a).

24        In his petition, petitioner only asserts that his Sixth Amendment right to confront

25   witnesses was violated.  Because petitioner's confrontation clause was filed in the California

26   Supreme Court, the petition is fully exhausted.  However, petitioner appended a document

27   entitled "Notice of Case History and Request that the Court Take Judicial Notice of attached

28   Document."  (ECF No. 7-1.)  In such document, petitioner refers the court to his initial filing in

1    which he sought a stay so that he could exhaust state court remedies as to three new claims not

2    contained in the instant petition, and also refers to Appendix A to his petition.  (ECF No. 7-1.)

3    Appendix A to the petition is a copy of petitioner's petition for writ of habeas corpus filed in the

4    Sacramento County Superior Court on February 11, 2016, in which he raises the three claims

5    included in his motion for stay.  (ECF No. 7 at 18-26.)[1]

6          Petitioner's initial motion for stay was denied without prejudice to its renewal upon the

7    filing of his pleading.  Taking together petitioner's notice, his Appendix A, as well as his prior

8    motion for stay, it appears that petitioner is attempting to renew his motion for stay.  The court

9    finds that, after review of the record, petitioner's renewed motion for stay is denied without

10   prejudice as set forth below.  Petitioner is granted an extension of time in which to inform the

11   court how he wishes to proceed.

12         The exhaustion of state court remedies is a prerequisite to the granting of a petition for

13   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

14   explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion, thus, may

15   not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

16   highest state court with a full and fair opportunity to consider all claims before presenting them to

17   the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

18   1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

19         The state court has had an opportunity to rule on the merits when the petitioner has fairly

20   presented the claim to that court.  The fair presentation requirement is met where the petitioner

21   has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at

22   277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were

23   ////

24

25   [1]  Review of state court records reflects that the petition was denied on June 13, 2016.  McDaniels
     v. Barretto, No. 16HC00055 (Sac. Co. Superior Court).  Plaintiff's case records are accessed
26   through the Sacramento County Superior Court's Public Case Access records,
     <https://services.saccourt.ca.gov/PublicCaseAccess>, accessed on October 31, 2016.

27
     [2]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C.
28   § 2254(b)(2).

1   before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v.

2   Harless, 459 U.S. 4, 6 (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged
> violations of prisoners' federal rights, they must surely be alerted to
> the fact that the prisoners are asserting claims under the United
> States Constitution.  If a habeas petitioner wishes to claim that an
> evidentiary ruling at a state court trial denied him the due process of
> law guaranteed by the Fourteenth Amendment, he must say so, not
> only in federal court, but in state court.

7   Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus

8   must include reference to a specific federal constitutional guarantee, as well as a statement of the

9   facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152 (1996).  The United

10  States Supreme Court has held that a federal district court may not entertain a petition for habeas

11  corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.

12  Rose v. Lundy, 455 U.S. 509 (1982).

13      Because petitioner's new claims are not exhausted, petitioner must decide whether to

14  proceed on his exhausted petition, or he must file a motion for stay that identifies the type of stay

15  he seeks.

16      Federal law recognizes two different procedures that a prisoner may use to stay a federal

17  habeas action.  See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly

18  v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and

19  stay action as to exhausted claims subject to potential later amendment of petition).

20      First, under Rhines, a district court may stay a mixed petition if the following conditions

21  are met:  (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted

22  claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in

23  intentionally dilatory litigation tactics." Id., 544 U.S. at 278.  The Supreme Court has made clear

24  that this option "should be available only in limited circumstances." Id. at 277.  Moreover, a stay

25  that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed

26  on a petitioner's return to state court. Id. at 277-78.

27      "Good cause" under Rhines is not clearly defined.  The Supreme Court has explained that

28  in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals

of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Second, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). If the petition currently on file was fully exhausted, petitioner could seek a stay-and-abeyance order to exhaust claims not raised in that federal petition under Kelly. However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be

4

1    problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41.  If a

2    petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include

3    them only if they share a "common core of operative facts" with the claims in the original federal

4    petition.

5            Unless petitioner is granted a motion to stay, the court must proceed solely as to the

6    exhausted claim.  The Rhines approach is not available to petitioner because the petition he filed

7    is wholly exhausted; Rhines only applies to "mixed" petitions, that is, petitions containing both

8    exhausted and unexhausted claims.  Thus, if petitioner seeks a stay under Rhines, he must file a

9    motion under Rhines and address its required elements, and also file an amended petition that

10   contains all four claims (the exhausted confrontation clause claim as well as the three new, but

11   unexhausted, claims).  If petitioner seeks to stay this action under Kelly, petitioner is warned that

12   the Kelly approach is riskier for petitioners in that the timeliness of the new claims will depend on

13   whether they "relate back" to the original, timely filed claims.  King, 564 F.3d at 1142, citing

14   Mayle v. Felix, 545 U.S. 644 (2005).  In the alternative, petitioner may choose to simply proceed

15   on the current petition; however, if he chooses to proceed in this manner, he risks forfeiting

16   consideration of any claims presently unexhausted.  See McCleskey v. Zant, 499 U.S. 467 (1991);

17   see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.  Of course, if

18   petitioner exhausts his new claims during the pendency of this action, petitioner may seek leave

19   to amend his petition at that time to include such newly-exhausted claims.  Woods v. Carey, 525

20   F.3d 886, 888 (9th Cir. 2008) (if a new petition is filed when a previous habeas petition is still

21   pending before the district court without a decision having been rendered, then the new petition

22   should be construed as a motion to amend the pending petition).

23           Petitioner is granted thirty days in which to notify the court how he wishes to proceed.

24   However, petitioner is cautioned that he should not unduly delay the exhaustion of his new claims

25   in state court.  A one year statute of limitations is applicable to all claims presented in a federal

26   habeas corpus petition.  See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164

27   (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas

28   petition on an individual basis).  Petitioner's superior court filing was denied, and it does not

1    appear that petitioner has yet filed such petition in either the state appellate court or the California

2    Supreme Court.[3]  Generally, a gap of 30 to 60 days between state petitions is considered a

3    "reasonable time" during which the statute of limitations is tolled, but six months is not

4    reasonable.  Evans v. Chavis, 546 U.S. 189, 210 (2006) (using 30 to 60 days as general

5    measurement for reasonableness based on other states' rules governing time to appeal to the state

6    supreme court); Carey v. Saffold, 536 U.S. 214, 219 (2002) (same); Waldrip v. Hall, 548 F.3d

7    729, 731 (9th Cir. 2008) (finding that six months between successive filings was not a

8    "reasonable time").  Thus, petitioner must exercise all due diligence in pursuing his state court

9    remedies.

10          Finally, petitioner is cautioned that failure to timely respond to this order will result in an

11   order serving the instant petition on respondent, and the action proceeding solely on petitioner's

12   confrontation clause claim.

13          Accordingly, IT IS HEREBY ORDERED that:

14          1.  Petitioner's request for leave to proceed in forma pauperis is granted.

15          2.  Within thirty days from the date of this order, petitioner shall complete the attached

16   Notice of Election and submit the following documents to the court:

17                 a.  The completed Notice of Election; and

18                 b.  If petitioner elects to file a motion for stay under Rhines, he must file a motion

19   for Rhines stay addressing its elements and provide an amended petition setting forth all four

20   claims; or, if petitioner elects to file a motion for stay under Kelly, he must file a motion for stay

21   under Kelly; or, if petitioner elects to proceed on the instant petition, he shall so indicate on the

22   Notice of Election form.

23   ////

24   ////

25

26   ---

   [3]  Petitioner's only filing in the Third Appellate District for California is his direct appeal.  People
   v. McDaniels, No. C072707 (Cal. 3d Dist. October 24, 2014).  California Courts Website,
27   <http://appellatecases.courtinfo.ca.gov> (accessed November 1, 2016).  The only habeas petition
   filed in the California Supreme Court was denied on April 12, 2006.  McDaniels (Robert) on
28   Habeas Corpus, No. S133488 (Cal. S. Ct. 2006).  Id.

1        3.  The Clerk of the Court shall send petitioner the form for filing a petition for writ of

2   habeas corpus.

3   Dated:  November 3, 2016

4   _____

5   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

6

7   /mcda0184.sty.fb

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT McDANIELS,                          No. 2:16-cv-0184 KJN P

12                 Petitioner,

13         v.                                     NOTICE OF ELECTION

14    JENNIFER BARRETTO,

15                 Respondent.

16

17         Petitioner submits the following documents in compliance with the court's order filed

18    _____:

19         ____        Motion for stay under Rhines v. Weber, 544 U.S. 269 (2005), along with

20    an amended petition asserting all four claims.

21         OR

22         ____        Motion for stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

23         OR

24         ____        Petitioner chooses to proceed with the petition filed April 12, 2016.

25    DATED:

26                                                _____
                                                  Plaintiff
27

28